IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TERRY L. CRAFT                                                                                      PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 4:07cv17-JCS

W. BANKS                                                                                           DEFENDANT

OPINION AND ORDER

Plaintiff, a state inmate at the East Mississippi Correctional Facility, brought this action pursuant to § 1983 alleging unconstitutional conditions of confinement. Having considered Plaintiff's allegations and his testimony at the *Spears*[1] hearing, the Court concludes that Plaintiff has failed to state a claim for relief.

Plaintiff contends that he suffers from claustrophobia and that he is unable to sleep in his cell at night unless the meal tray slot in the door of his cell is left open. He says that he has told prison officials and the prison physician about his problem, but the prison officials continue to close the slot.

Viewed as a claim under the due process clause for violation of Plaintiff's liberty interests, Craft's claim fails as a matter of law. Prison inmates have a due process right to be free from only those restraints which impose "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Obviously, confinement in a small, locked cell in which the tray slot is closed most of the time is not an "atypical and significant hardship." Neither has Plaintiff

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

stated a claim for cruel and unusual punishment.  In order to state an Eighth Amendment claim based upon prison conditions, an inmate must allege conditions which pose a substantial risk of serious harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Furthermore, in order to hold prison officials liable for unconstitutional conditions, a plantiff must establish subjective deliberate indifference on the officials' part, *i.e.,* that they were aware of the facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and that they actually drew the inference.  *Id.* at 837.  The facts as alleged by Craft do not meet this standard.  For this reason, Plaintiff's claims will be dismissed as frivolous pursuant to 28 U.S.C. 1915A(b)(1).

A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 3rd  day of October, 2007.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE